The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. All right. Good morning, everyone. Please be seated. We're prepared to hear argument in number 2014, Tipton and Roane. And Mr. King, I believe you're first up. Yes, Your Honor. Good morning. May it please the Court, Gerald King for Richard Tipton. Mr. Tipton, Mr. and James Roane appeal the District Court's finding that their 848B convictions are not covered offenses under the First Step Act. We also appeal the District Court's refusal to consider modifying their sentences for the 841B1A convictions that it deemed covered. The authority governing these questions has been dynamic during dependency of this appeal. But this Court's decision in Thomas, for which this case was held in advance, establishes that 848B1A is indeed a covered offense. Provided in Worsing Hall, there is no eligibility requirement for relief under the First Step Act beyond the threshold question of whether there is a covered offense. And the Congress did not intend for courts to engage in a complicated and eligibility-limiting determination when contemplating that question. Given that, we ask this Court to reverse with directions to the District Court to review our Section 404 motions on the merits. And for this Court's decision in Collington, also issued during the advance, the District Court does not have the discretion to retain a sentence that exceeds the retroactive statutory maximum set by the Fair Sentencing Act. And in those circumstances, retaining the opponent's death sentences would be a clear abuse of discretion. Excuse me. The Collington case was a very different case, was it not? Because there the offense was covered. It was clear there was a covered offense. And here we are debating that very question, whether it's a covered offense. Well, Your Honor, I agree that the question of whether 848E1A is a covered offense is precedent to the relief or rather the limitation. We have to decide that before anything else. Yes, I do. Yes. Yes, and we would argue that, again, for this Court's decision in Thomas, and consistent with this Court's precedent in Gravitt, and we're saying that 848E1A is a covered offense. And I know that there was another question. I don't want to step on you. You mentioned sending it back for the District Court to impose a new sentence that doesn't exceed the statutory maximum under the Fair Sentencing Act. So I wanted to ask you what that is. If the government alleges and proves all the elements of 841E1A after the Fair Sentencing Act, what is the statutory penalty range? Well, our argument is that for Thomas, and the reason that 848E is a covered offense is that the Section 2 of the Fair Sentencing Act expressly altered the drug quantities required to sustain a conviction under 848E because it adjusted the drug quantities for Section 841E1A. And so our argument would be that under those circumstances, the proper sentencing range would be for the lesser included offense that remains, which would be the Section 841E1B. But I guess my question comes, it's kind of a simpler one. Sure. It comes before that is, under 848E1A, Terry tells us you look at the elements. So if we look at the elements of 848E1A, and all of those elements are alleged and proven, what is the statutory penalty range? Well, I think the statutory penalty range for, and I'm not entirely, I'm worried because I think I thought I was answering the question, so it sounds like I might not have been. Well, it's a simple one, I think. Sure. Terry tells us we look at the offense, right? And the offense is defined by the elements. So if we go to E1A, and we say a person was engaging or working in furtherance of a CCE, or engaging in offense punishable under 841B1A, the government alleges that and proves that, either one of those. And there's an intentional killing, someone dies, then what is the penalty? Well, the sentencing range would be what it is in the statute. It would go up to, I believe the lower end is a term of years, and up to the possibility of life or the possibility of death. Minimum 20, max life or death, right? Yeah. Was that the same before the Fair Sentencing Act? The sentencing range in 848B1A has not changed subsequent to the Fair Sentencing Act. But again, the penalties for 841B1A have changed to the degree that as proven in the case of the appellants, it would no longer be sufficient to sustain a conviction. But what is the new penalty when someone commits a murder in furtherance of a CCE, or for that matter, commits a murder while they're engaging in offense punishable under 841B1A? Where do I find the penalty for that? Well, I think the penalty is still within 848B1A, as we were discussing, the 20 to life to death. That penalty range would still be in place. But in this— So is it, in what you said, counsel, in what you said in response to Judge Rushing, you said this penalty range would still be in place. And by that comment, you agree that the Fair Sentencing Act did not modify the statutory penalty range for 848B1A. It remained death or life imprisonment with a statutory minimum of 20 years, maximum of death or life imprisonment. It was that way before the Fair Sentencing Act, and it was that way after the Fair Sentencing Act. So if the Fair Sentencing Act didn't modify it, how can it possibly be a covered offense under the First Step Act? Well, Your Honor, per Thomas, it did modify it because it modified the drug quantity necessary to sustain an 841B1A conviction. But as Judge Rushing has pointed out, the Supreme Court's Terry case is important because it says that what's important is the overall, is the actual offense of conviction. And it says very explicitly, and there are other circuits that take this view, that the embedded offenses and the possible change in the embedded offenses or the predicate offenses is not what is crucial here. It's the offense of conviction that matters. And the offense of conviction was 848B1A, and that penalty range has not been modified by the Fair Sentencing Act, which is the linchpin of the First Step Act. So what's the issue? Your Honor, I think Thomas takes a different view. Thomas explicitly actually takes as a given that the Fair Sentencing Act has modified the statutory penalties applicable to 848B1A. Was there a conviction under 848E in Thomas? A bigger pardon? Was there a conviction under 848E1A in Thomas? No, there was not. They just mentioned it in passing, right? They didn't have the question in front of them. I think they go a good bit further than that, Your Honor. I think that they're taking Terry's charge to parse the different offenses contained within 848. But that was not the statute in front of them. It was not, but they were discussing whether an 848B sentence could have been imposed upon the petitioner, and they discussed B and E as legally identical. The opinion certainly suggests you can't read 848 as one offense, the entire statute. But the statute is broken into multiple offenses. I agree with that. But because of that, we have to look at the offense that Thomas was looking at and discussing and analyzing, which is different from the one we have now. I think that's right, Your Honor, but Thomas is looking in great depth at 848B because the question was whether the mandatory life sentence of 848B could be supported. And the opinion recognizes B and E as identical in the sense that their maximum sentences depend upon a conviction for an offense that sentencing range has been altered by the Fair Sentencing Act, and therefore no longer would authorize a conviction of 848B or E because of that change. Yes, but as Judge Rushing points out, the precise question is simply not before us, was not before the court in Thomas. But the overall question that you have to ask in this, and I don't see how you get around it at the particular level or at the general level, that Congress passed the First Step Act. It was a good act, and it intended to make the reforms of the Fair Sentencing Act retroactive. And the reforms of the Fair Sentencing Act dealt with penalties for nonviolent drug offenses and low or mid-level drug dealers and the disparity between crack and powdered cocaine. Neither the Fair Sentencing Act or the First Step Act meant to privilege individuals who committed violent acts in furtherance of these other offenses. These other embedded offenses, they don't involve killings. 848E1A is a separate crime of killing. The other offenses didn't involve killings. And the question I have is whether we can say, did Congress really mean to benefit individuals such as Mr. Tipton and Mr. Rohn who were involved and convicted of a string of murders? People grabbing, stabbing someone 84 times in the head and the neck and the upper body, which is what Mr. Tipton did. And Rohn is stabbing someone and killing them 18 times, stabbing someone 18 times. And they're implicated in a string of murders. And how could Congress have intended these to be the beneficiaries? And it didn't because it did not modify the statutory penalty range for 848E1A. But what would we be doing to congressional intent to saying that a class of really serious offenders was going to receive the benefits of this statute? When you look at the overall purpose, it seems clear what Congress intended. When you look at the text, it seems clear what Congress intended. When you look at the Supreme Court's decision in Terry, it seems clear what Congress intended. So we've got, you know, congressional intent, the text as it's spelled out, Supreme Court decision. Why? I just think, my friend, that you have multiple problems. And I respectfully to you, it really is an uphill climb. Well, Your Honor, I'd like to respond to that if I could. Sure, I'd be happy to have you respond. I'd note a couple of things. I mean, 848E is absolutely regulating drug dealing. It's in Title 21. The drug dealing is why this is a federal crime. It's why we're not in state court on murder cases. The court made this point on direct appeal in Tipton, Rome, saying that there was a substantive connection rather than a temporal coincidence between the murders and the drug-based CCE. I'll also note that the Act, the First Step Act, the Fair Sentencing Act, has expressed limitations within it. Pardon me, the First Step Act has expressed limitations. In Section 404C, in gravat, this court declined to expand the limitations that Congress crafted when passing the Act. It said, if Congress intended for the Act not to apply, if a covered offense was combined with an offense not covered, it would have included that language, but it did not. The same logic applies here. If they wanted to exclude 848E, they could have. But by the logic of this court's precedent and by the analysis in Thomas, our position is that 848E… And there's some 841B offenses there. But what is included are offenses whose statutory range was modified by the Fair Sentencing Act. And this is just… Other offenses are included. Three different predicate or embedded offenses are included. But this was not. And so I don't see… We can't just import inclusions that Congress failed to insert. But, Your Honor, I understand. And again, you've afforded me, again, as much time as I had to begin with. And I apologize to Ms. Heise. But I do want to say, I mean, the logic of Thomas remains compelling. The 841A1A has changed. That cannot be found based on the drug quantity assigned to Mr. Tipton and Mr. Rohn by the findings in this case. And under that circumstance, the 848E1A conviction couldn't be sustained if we were in trial at this very moment. And so I would argue… We've argued that it is a covered offense because of the inclusion of that predicate where the sentencing range has been explicitly modified. Thank you, sir. Yes, sir. Ms. Heise, we'd be happy to hear from you. May it please the Court. I'm Joanne Heise on behalf of Appellant James Rohn. I agree, as was discussed, that the question of whether 848E is a covered offense wasn't squarely before the Court in Thomas because the defendant in that case had been convicted under 848A and C. However, in Thomas, this Court prescribed method of analysis for these various subsections of 848. And the question that we're to ask under that analysis is whether the subsection incorporates a threshold drug weight that has been modified. And here, that's the case because the threshold drug weight of 841B1A has been modified. But I guess the problem, though, is that the statute doesn't direct us to look at whether, you know, one of the predicate offenses has been modified. It directs us to look at whether the penalty has been modified. And, you know, my question kind of remains, where did the Fair Sentencing Act or the First Step Act eliminate criminal liability for this offense? This is not a modification. This is an elimination. So, I disagree that the penalty range hasn't been modified here because what's been modified under the Fair Sentencing Act is the threshold drug weight. So, when we talk about under the First Step Act whether or not a statutory penalty range has been modified, what we're talking about is did the drug weight that was… No, no, the Supreme Court told us, like, our circuit's precedent has been wrong since the beginning, right? Since we're saying we've looked, we've interpreted the statute incorrectly. And the Supreme Court has told us now we look, this, we look at the offense as defined by the elements of the statute. So, we have to look at this particular offense and what the penalty is. We look at the elements and the elements haven't changed and the penalty hasn't changed. And my question is, if your argument is that we, because he couldn't be convicted today if this, putting aside that this was actually a CCE predicate, we disagree about that. But he couldn't be convicted today if this were a drug offense predicate. But that's not what the First Step Act or the Fair Sentencing Act is asking. It's asking, did Congress modify the penalty range? And they grant that modification retroactive effect. But what we're talking about today is about eliminating liability for the murder. You say, well, it's been modified to be an 848A offense. But that's not murder, right? Those are different offenses. That's right, Your Honor. So, the conviction remains in place. So, we're not talking about eliminating liability for the conviction. But we're simply talking about what is, what are, would the defendants now be eligible for sentencing? And the case is the same for a conviction under 841B1A, because there, as with 848E, a defendant would no longer be criminally liable for a violation of 841B1A with a drug weight of 50 grams of crack. So, it's the same for a covered offense under 841B1A. There's no longer criminal liability for that threshold drug weight. But the conviction remains in place. But simply for resentencing purposes, we drop the defendant down to the range that is now applicable. But that's not the sentence. I mean, you could send it back to the district court, and the district court looks and says, well, you were convicted under 848E1A. And you tell me that that conviction remains in place. I'm not allowed to just, like, wander through the U.S. Code and find a different penalty in some other statutory provision to apply. I have to apply what Congress has told me to apply. And Congress hasn't provided an alternative penalty here. Your Honor, I'm not sure that that's the case. Because it is true that the 848E offense requires, as an element, a murder. But it also requires a drug trafficking element. So, not all murders are eligible for the death penalty. Not all murders come under federal jurisdiction. It was the drug trafficking element that brought these defendants under federal jurisdiction and made them eligible for the death penalty. I think that there are, because the defendants no longer meet this drug weight threshold, I think there are other subsections that they could drop down to for resentencing purposes. So, for instance, they could drop down to the range of 848A for resentencing purposes. Or, in the alternative, they could drop into 841B1A, for which they do now meet that revised drug weight threshold. I'd like to also just quickly address the question that Judge Wilkinson asked about Congress's intent. And I agree with Mr. King that, first, Congress, if it wished to create a par-vote for defendants with concurrent violent conduct under this act, they could have done so, but they didn't. In addition, we also see in the way that courts have applied the First Step Act to covered offenses, there's been no par-vote for defendants who have concurrent violent conduct. So, for instance, defendants who are convicted… Well, that's not how Congress wrote it. As Judge Wilkinson pointed out, they didn't write a statute that says resentencing is allowed for all crack offenses except the following. They wrote a statute that said only the following are included. And that's the question, right? So, a carve-out is not how Congress wrote the statute to begin with. Sure, but it includes all offenses for which the drug weight has changed, and here that's the case. No, it doesn't. It includes… I mean, that's not what it says. It says for which the statutory penalties were modified. That's what our court used to say it had to do with, like, drug weight changing, but that's not right anymore. And, Your Honor, the statutory penalties have changed here because if we were in… Hypothetically, if we were in a pretrial position, a defendant who had committed a murder concurrent with a drug conspiracy of 50 or more grams of crack, which is what was the case at the time of trial, they could no longer be charged. And so, for that reason, they're no longer… They can no longer be subject to this penalty. They have to be subject to it. No, that's… I mean, there's a federal statute that says when Congress passes a new law, it doesn't repeal the prior law, right? Their convictions are still good. The penalties that they are paying for those convictions are still valid unless Congress writes a law that specifically says retroactively we're going to amend this. But they… What you're saying is Congress wrote a law that says retroactively we're wiping this conviction off the table, and I don't see that in the statute. I don't agree that we're talking about wiping the conviction off the table. The conviction remains in place. But you can't be penalized for it. You can only be penalized for a different offense. They can be penalized for it under a different subsection that they can drop down to. So, in the same way that a defendant convicted under 841B1A for resentencing purposes would be dropped down to B1B, the same has to be true here. That because they no longer meet this threshold drug weight, they have to drop down to a separate subsection for which they do now meet the revised drug weight. But, Counsel, to me, this seems a pretty straightforward case because the Fair Sentencing Act did expressly alter three criminal statutes. 21 U.S.C. 841B1, 21 U.S.C. 960B, 21 U.S.C. 844A. And the sentences that Congress wished to alter, it listed. It has a very specific list. Absent from that very specific list is 848E1E. And if we adopt your position, we would be just amending the statute and adding a new offense that the Fair Sentencing Act never addressed and never listed. I mean, how can we sit here and simply add to the number of statutes that Congress enumerated specifically? And we say, well, we don't approve of what Congress did. We're going to add other offenses of our own. I mean, even a modest devotion to textualism would require that we not do this. I see that I'm over time, but if I may just respond to your Honor's question. Sure. I respectfully disagree, Your Honor, because the 848B1A is incorporated into 848E. And under the course analysis in Thomas, even for these subsections of 848, we're to look at whether they incorporate a threshold drug weight. And. And so under that analysis, that is the case for 848, because it incorporates the threshold drug weight of 848. We appreciate it very much. Thank you so much. And then Mr. King, you have some rebuttal time after we hear from Mr. Cook. Good morning, Your Honors, and may it please the Court. I think I can succinctly say what I think is the core problem with the defense position. And that is that when you focus in on the portion of 848E that might arguably been changed, which is the portion that relies on the 841B1A offense, and it changes the drug quantity needed for a sentencing act to trigger that provision, what you're doing for 848E1A is changing the scope of criminal liability. And when you eliminate criminal liability, it no longer makes sense to say there is a statutory penalty. There is no penalty range for something that is not an offense under the statute. And so it makes no sense to say that you have modified the statutory penalty range, because the statutory penalty range goes away. And under the savings statute, it's plain that the Fair Sentencing Act and the First Step Act cannot be deemed to have eliminated criminal liability. Those are sentence reduction statutes. They were not statutes that eliminated criminal liability. In this case, it is particularly far-reaching to say that there was a change to criminal liability, Ethan, because defendants agree that Count 2 is not a covered offense, and that's the CCE, and it did not require proof of any drug quantities in order to trigger the CCE. You had a series of drug violations, and the B1A offenses could have been reduced to B1C offenses, and it would still be a CCE. And all of the murders, as the elements of the offense given to the jury show, depended on proof of that CCE, not on an 841B1A offense. And so there isn't even an arguable claim in this case that criminal liability for Count 2 or the 848E1A murders have been changed. So there's not been a change to the statutory penalty range. There hasn't even been a change to criminal liability in this case. And in that context, there's just no way, in light of what the Supreme Court held in Terry, that we are dealing with covered offenses. The defendants mentioned Thomas and say that it prescribes a method that we should follow for assessing this question, and I wanted to hear your response to that. Sure. And I do think that perhaps their lead argument is that Thomas decided this. And on that, I would say several things. First is it's pretty unusual for a court to create a circuit split with a clause of a sentence that has no reasoning, and that's the best that they can do in this case, to say that there's one clause out of Thomas that, along the way to saying and talking about 848B, mentioned also E and said the statutory penalty range was modified, and that's all they have. And then it drops a footnote saying sister circuits have said that 848E is not a covered offense, but it doesn't specifically seem to say that they're rejecting Fletcher or Snow six-circuit case. They don't reference that case. So it would be extraordinary to have a circuit split created with no reason and a clause of a sentence. But assume that somehow Thomas did mean to create a circuit split there. It is purely dicta, and it was not a question that was presented in the case, because in Thomas, you were dealing with an 848A and C offense, and there was no 848E1A. And so in light of a precedent like this court's opinion in Norman, there's no way that that unreasoned clause can be deemed a bully on an issue that was not before the court. But beyond that, to say that Thomas, besides this case, becomes even more bizarre because the holding of Thomas was that an 848A and C offense is not a covered offense. And the basis for the 848E1A offenses in this case, the murder cases, was an 848A and C conviction. So the very convictions that Thomas said aren't covered offenses were what was used to support the murder charges in this case. And so you have the defendant's argument boils down to Thomas said that the way that this case was charged and submitted to the jury is emphatically not a covered offense. And the First Step Act doesn't make any difference to the requisite elements about the murder, doesn't make any change to the elements about the CCE, and those are the two components that create a conviction. And nevertheless, Thomas means that these defendants have covered offenses. I mean, that's just too far-fetched. So I don't think that Thomas settles the question. I also would say that Thomas, another question that was presented to Thomas was kind of a backup argument that an 848E1A defines at least two distinct offenses, one of which would be using the CCE as the drug trafficking nexus, and the other being an 841E1A offense as the nexus. And as we've laid out in our brief, in light of the Supreme Court's opinion in Richardson, we know that in order for there to be a CCE finding, the jury has to be unanimous about the series of offenses. In light of that, it's clear that a jury, if it were relying on the CCE portion of the 848E1A offense, would have to be unanimous. And then other cases have said, rightly, that if you have a murder charge under 848E1A that depends on proving an offense punishable under 841E1A, the jury has to – it's an element that you have to prove that there was a violation punishable under 841E1A. And in light of that, that body of precedent shows you that there are really two crimes in there. It just was not – just the specific question before us was just not presented in that case. Right. That's right. And again, I just don't think – I mean, it's not a good way to create precedent to do a circuit split, reject two other circuits' reasoning that's detailed and persuasive, and offer no reasons of your own and just have it be one clause of the sentence discussing another entirely different topic. If we held this to be a covered offense, we would be walking right into a nest of machine gun fire. The Supreme Court would wonder, what are they doing? And Congress would wonder, what in the world are they doing? And it would – and the other circuits would say, what are they thinking of? I mean, it would be a charge of the light brigade. We'd just be walking into, as I say, a nest of machine gun fire to adopt this position that this is somehow a covered offense when the Fair Sentencing Act explicitly lists what are covered offenses. It's just a textual argument. Before you even get to the whole purpose of the First Sentencing Act, the First Step Act, that's a good statute. And it seems to me that you undercut and compromise the purposes of a very good ameliorative statute when you extend it in violation of the text to something like this. It just goes against both text and purpose and the Supreme Court and other circuits. I mean, it would raise more eyebrows around the legal and congressional circles than I can imagine. I agree with that, and I think it's helpful to march through the different subsections of 404 and see how in each one of the subsections, it's really not a fit to say that the covered offenses are murder germs in this case. Starting with subsection A, as Judge Rushing was pointing out, Terry rejected worsing. And under Terry, you look at a violation of the federal criminal statute as the operative phrase. And on the theory that an 848E1A murder is a covered offense because of the inclusion of the language about 841B1A, you're no longer talking about a violation. Again, to go back to where I started, you're talking about a change of eliminating criminal liability. And 404A talks about a violation of the federal criminal statute, the statutory penalties for which were modified. And here, you'd just be getting rid of a violation. And then, relatedly, in 404B, you're authorized to impose or reduce sentences that Sections 2 and 3 of the Fair Sentencing Act applied. And that's not a provision that allows you to eliminate criminal liability. It's a provision that allows you to impose a reduced sentence. But to go back to the first point, it doesn't make sense to impose a reduced sentence if you have destroyed criminal liability. And I don't think there's any way to say that the 848E1A murders, in this case, somehow turn into violations under 841B. There's no way to get there from the statutes. These are murder convictions. They remain murder convictions. And nothing is changed, particularly in this case, about those convictions as submitted to the jury. And then in C, it says, nothing in the section shall be construed to require a court to reduce any sentence, which, again, wouldn't make a lot of sense if you were talking about getting rid of criminal liability that was supposed to apply retroactively. These embedded offenses or these predicate offenses, they don't even mention killing. The sentences that were modified don't mention killing. But what you have in 841E1A is a purely separate offense, which gets at killings, at murders, of which these defendants are implicated in plenty of. Whereas the predicates that were the embedded offenses, which were modified, don't mention killing at all. So 841E1A is directed as a separate offense and at a whole separate, different category of crime, which is killing in furtherance of certain other purposes. And it's perfectly clear, given the fact that 841E1A is directed at murders, again, which both Tipton and Floyd, no one thinks that they weren't implicated in a string of murders. But it becomes perfectly clear why Congress did not include this in its list of modified sentences in the Fair Sentencing Act. Because the listed offenses don't mention killing and 841E1A is aimed at killing. That's, you know, it's perfectly clear who Congress meant to privilege. And it meant to put low-level or mid-level nonviolent drug offenses. It meant to correct a significant inequity in federal sentencing law between a racially prejudiced inequity, I might add, between crack and powdered cocaine. It did not mean to give any kind of, the same kind of recourse to killers that it gave to nonviolent drug offenses, which were in the view, I think, correctly of the First Step Act and the Fair Sentencing Act. They were sentenced, they were over-sentenced. But the fact that Congress thought to correct one inequity doesn't mean that it extended its grace to the separate class of offenses involving killings and murders in furtherance of certain specific objectives. That to me is what's at the core of this business. That I understand to be your position. Yes, Your Honor, I agree. And unless the Court has any further questions, I would ask that this Court simply agree with the Sixth Circuit in Snow and Second Circuit in Fletcher and confirm. All right. Thank you, Mr. Cook. Mr. King. We're about time, sir. Yes, Your Honor, I'm in the happy position of disagreeing that the Supreme Court has said that this Court's precedent is wrong about the First Step Act. Thomas is an application of Kerry's admonition to parse 848 to identify the statutes of violation and say which are covered offenses. And Thomas, again, takes as a given that the Fair Sentencing Act has modified BND and even specifically mentions the death penalty as provided for in 848E in making that conclusion. I don't remember anything like this question that's before us today being presented in Thomas. It wasn't rooted, it wasn't, it wasn't argued in this terms. It wasn't presented in those terms. And the impact of the Supreme Court's Terry decision wasn't discussed. It just was not, as far as I can recollect, before us in that decision. And, again, the analysis of 848 that the Thomas Court goes through identifies BND through a discussion of B, which was posited as a sentence that could apply to the petitioner in that case. I don't want to belabor the point. I understand the questions that I've received about the scope of Thomas, but I do want to reiterate that I think it goes certainly farther than dicta as an analysis of the statute that's before us here today. I also don't think that 848 can be separated out of Title 21, where it is placed. This is a crime that is concerned with drug dealing, and the threshold quantities necessary to support a conviction under 848E1A have changed because the predicate of 841A1A, that drug, minimum drug amount, has changed. And there is some tension here, understandably, when we talk about where we go with the sentence. But this is precisely what the First Step Act is designed to do. It leaves the conviction in place. It offers no avenue for challenging a conviction and for vacating a conviction. The threshold question you have to ask, which was not an issue in a case like Collington, is whether something is a covered offense. Not everything is a covered offense. And Congress took great pains to delineate what was a covered offense and what was not. And we just can't glide over that and say, oh, well, everything is covered. Everything is not covered. Not by a long shot. I certainly don't think Your Honor should glide over it, but I do think that a statute that incorporates, as a predicate, an offense that has been expressly modified by the Fair Sentencing Act, that is a covered offense, under this Court's analysis in Thomas, which I think is sound and consistent with Terry. The government mentioned their divisibility argument. I'm going to just refer the Court to the reply brief addressing why we think they have not met the burden to show that it is divisible. We're essentially talking about taking, we're already at 841e1a, and they're arguing for an implicit little Roman numeral 1 and 2, dividing this into two separate offenses. We would argue the multiplicity problems for that would be massive, that the framing of the statute, that for the reasons detailed in the brief, this is an offense that can be committed through alternate means and not two separate offenses. I also, I did quickly want to circle back, again, just to, this is what the First Step Act is designed to do. It's designed to allow a court to revisit a sentence, and the convictions in this case were part of, and were dependent upon, a drug weight that, as Your Honor, Judge Wilkinson, as you noted, that was corrected because of the disparity. That disparity was present in the drug quantity that had to be proven for the conviction precedent to these 848Es, and it was the drug dealing in this case that is why we're here. That may be true, but it's, there's a difference between drug dealing that results in killing and drug dealing that does not result in multiple stabbings and killings. Not all drug dealing is the same, and not all drug dealers are equally culpable. Some are, and some are not. And I noticed that you had a supplemental argument in that the, on the question of whether the noncapital crimes, whether the district court correctly weighed the 3,553. ADA factors, and I think we understand your brief on that. But I do want to thank you for your argument, but I'd like to ask my panelists, my co-panelists, if they have any questions of you. And if they don't, we will adjourn court. But if they do, we will entertain those. You must entertain those questions. I have none, Judge Wilkinson. I have no questions. All right, we thank you. We thank you both very much. We thank all of the council very much, and the time and attention that each of you have devoted to the argument. And I'm sorry we can't come down and shake your hands and express our appreciation personally, but you understand why. Thank you so much. And I'll ask the, I'll ask the clerk to adjourn, to adjourn court. This honorable court stands adjourned. God save the United States and this honorable court.
judges: J. Harvie Wilkinson III, Allison J. Rushing, Henry F. Floyd